UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MAUREEN R. TAYLOR,
an individual,

    Plaintiff,
v.

JUBRAN A. HOCHE, M.D., P.A.,
a Florida profit corporation;
JUBRAN A. HOCHE, M.D., an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MAUREEN R. TAYLOR, ("TAYLOR"), by and through her undersigned counsel, files this Complaint against Defendants, JUBRAN A. HOCHE, M.D., P.A., ("HOCHE"), a Florida profit corporation; JUBRAN A. HOCHE, M.D., an individual, (collectively "Defendants"), and states as follows:

## INTRODUCTION

1. This is a proceeding against Defendants for monetary damages to redress the deprivation of rights secured to Plaintiff, TAYLOR, under the maximum hour provisions of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA").

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## VENUE

3. The venue of this Court over this controversy is based on the following:

1

a. The unlawful employment practice alleged below occurred and/or were committed within Broward County, Florida;

b. At all times material, the corporate defendant was and continues to be a Florida corporation doing business within the Southern District of Florida; and

c. The individual Defendant is a resident of Broward County, Florida.

## CONDITIONS PRECEDENT

4. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## PARTIES

5. At all times material hereto, TAYLOR did and continues to reside within the Southern District of Florida, and is in fact a resident of Broward County, Florida.

6. Defendants are a Florida corporation and an individual Florida resident, who, at all times material, conducted substantial and continuous business in the Southern District of Florida, and are subject to the laws of the United States and of the State of Florida.

7. At all times material hereto, all of the Defendants each and collectively constituted an "employer" within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

8. At all times material hereto, Plaintiff TAYLOR was an "employee" of Defendants within the meaning of the FLSA.

9. At all times material hereto, the corporate Defendant, was and continues to be a corporation organized under the laws of the State of Florida.

10. At all times material hereto, Defendants were engaged in business at 3800 Johnson Street, Suite E, Hollywood, Florida 33021, within the Southern District of Florida.

11. At all times material hereto, Defendants were each an "enterprise" engaged in interstate commerce pursuant to 29 U.S.C. § 203(r) and (s) of the Fair Labor Standards Act.

12. During all times relevant to this action, TAYLOR was a non-exempt employee of Defendants who was subject to the payroll practices and procedures described herein and worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

13. At all times material hereto, Defendants are and were employers authorized to do business and doing business in Florida, with a place of business in Broward County, Florida and at all times relevant each was an "employer" with the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times material hereto, Defendants regularly owned and operated a business engaged in commerce as defined in 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203 (s).

15. At all times material hereto, Plaintiff TAYLOR was "engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, Defendants were and continue to each be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, annual gross revenue of Defendants was in excess of $500,000 per annum during the relevant time periods.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

19. At all times material hereto, the individual Defendant owned, operated, and controlled the corporate Defendant as well as how Plaintiff and others were compensated and is therefore an "employer" within the meaning of the FLSA.

20. This action seeks to hold the Defendants liable for violations of wage and hour provisions of the Fair Labor Standards Act because at all times material to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay wages and/or overtime wages.

**STATEMENT OF FACTS**

21. Within the past three (3) years, Plaintiff worked for the Defendants as a non-exempt receptionist/ office assistant at Defendants' principal place of business located at 3800 Johnson Street, Suite E, Hollywood, Florida 33021.

22. Defendants own and operate a medical office and/or facility.

23. In the course of her employment with Defendants, Plaintiff worked the number of hours required of her, but was not paid time and one-half for all hours and parts of hours worked in excess of forty (40) during a workweek.

24. Specifically, at all times relevant to this Complaint, Defendants deliberately implemented a policy whereby Defendants failed to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff, and Plaintiff was forced to work overtime hours without overtime compensation.

25. Defendants were aware that Plaintiff was working in excess of forty (40) hours during a workweek.

26. Defendants' wrongful actions deprived Plaintiff of overtime wages.

27. TAYLOR has retained the undersigned legal counsel to prosecute this action on her behalf, and has agreed to pay them a reasonable fee for their services.

29. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

4

## COUNT I

### VIOLATION OF 29 U.S.C. §§ 206, 207
### OVERTIME COMPENSATION ON BEHALF OF MAUREEN R. TAYLOR

30. TAYLOR re-alleges and re-avers paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. TAYLOR, was entitled to be paid at the rate of time and one-half of her effective hourly rate for the hours that she worked in excess of the maximum hours provided for in the FLSA.

32. Due to the intentional, willful, and unlawful acts of Defendants TAYLOR has suffered damages in lost compensation for the time she worked over forty (40) hours per week without receiving overtime compensation, plus liquidated damages.

33. TAYLOR is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff TAYLOR, respectfully request that judgment be entered in her favor against Defendants:

    a. Declaring that the acts and practices complained of herein are in violation of the wage and hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation and an equal amount as liquidated damages;

    c. Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiff post judgment interest and;

    e. Ordering any other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on any and all claims so triable.

Dated: February 14, 2017  Respectfully submitted,
Boca Raton, Florida

BY: s/Dion J. Cassata
Dion J. Cassata
Fla. Bar No. 672564
*dion@cassatalaw.com*

CASSATA LAW, P.A.
Boca Crown Centre
7999 N. Federal Highway, Suite 200
Boca Raton, Florida 33487

Telephone: (954) 364-7803
Facsimile: (954) 251-4787

*Counsel for Plaintiff*